**Jonathan Leus FLORES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73229.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 24, 2006.

Filed Aug. 8, 2006.

Jonathon Leus Flores, Eloy, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of The District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Terri J. Scadron, Esq., Virginia Lum, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, MERRITT,* and PAEZ, Circuit Judges.

### MEMORANDUM **

Jonathan L. Flores ("Flores") petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the immi-gration judge's ("IJ") order denying his application for cancellation of removal. We deny the petition for review.

On the basis of a conviction document from the Alameda County Superior Court, the IJ found that Flores had been convicted of a controlled substance offense in 1993. Because the 1993 conviction stopped the accrual of Flores's continuous presence in the United States, *see* 8 U.S.C. § 1229b(d)(1)(B), the IJ found that Flores had not established seven years of continuous presence in the United States and was therefore ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a). Flores challenges the IJ's decision on two grounds: first, he argues that the documentary evidence of his 1993 conviction was legally insufficient to satisfy any of the requirements under 8 U.S.C. § 1229a(c)(3)(B), and second, he argues that applying IIRIRA's stop-time provision, 8 U.S.C. § 1229b(d)(1)(B), which was enacted in 1997, to his 1993 conviction creates impermissible retroactive effects.

### *Evidence of the 1993 Conviction*

■ We have jurisdiction to review part of Flores's first argument. Flores challenged the conviction document before the BIA and therefore exhausted this claim. *See Ladha v. INS,* 215 F.3d 889, 901 n. 13 (9th Cir.2000); *Thomas v. Gonzales,* 409 F.3d 1177, 1183 (9th Cir.2005); *Barron v. Ashcroft,* 358 F.3d 674, 676 n. 4 (9th Cir.2004) (noting that we construe arguments more broadly when they are advanced by a pro se litigant). Because the 1997 conviction that rendered Flores removable was a controlled substance offense, we have jurisdiction to review a final order of removal only to the extent

---

* The Honorable Gilbert S. Merritt, Senior Judge, United States Court Appeals for the Sixth Circuit, sitting by designation.

Flores's petition raises "constitutional claims or questions of law." 8 U.S.C. §§ 1252(a)(2)(C) & (D). Flores's challenge partly raises a statutory construction question, i.e., whether the single certified document was legally sufficient under the Immigration and Nationality Act ("INA") to establish a conviction for a clock-stopping offense under § 1229b(d)(1)(B). We have jurisdiction to consider this challenge, but not to review the IJ's factual determinations. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1222 (9th Cir.2005) (holding that the term "question of law" in 8 U.S.C. § 1252(a)(2)(D) "refers to a narrow category of issues regarding statutory construction"). Therefore, to the extent that Flores challenges the IJ's findings of fact, we do not consider this challenge for lack of jurisdiction.

■ Flores's statutory construction claim fails, however. The INA includes a framework for proving a conviction that triggers the stop-time rule. Section 1229a(c)(3)(B) lists seven separate categories of proof of the conviction. Complete with a seal certifying its official nature, the document in this case falls squarely under subsection (vi), which covers "[a]ny document or record prepared by, or under the direction of, the court in which the conviction was entered that indicates the existence of a conviction." 8 U.S.C. § 1229a(c)(3)(B)(vi). Because the document satisfies the statutory requirement of the INA, we find Flores's argument unpersuasive.

### Retroactivity of IIRIRA's Stop–Time Provision

■ Flores also asserts that applying the stop-time rule to his 1993 conviction creates impermissible retroactive effects. We have jurisdiction to review this challenge, *see Garcia–Ramirez v. Gonzales,* 423 F.3d 935, 938 (9th Cir.2005), and we deny Flores's claim. To determine whether a statute is impermissibly retroactive, we apply the two-step test set out by the Supreme Court in *Landgraf v. USI Film Prods.,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). *See INS v. St. Cyr,* 533 U.S. 289, 291, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (applying the *Landgraf* test to a different IIRIRA provision). Because we conclude that Congress expressly provided the temporal scope of the stop-time provision, we do not reach the second step of the *Landgraf* analysis.

On its face, § 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3546, expressly prescribes the scope of application for the stop-time rule. Congress stated that both paragraphs (1) and (2) of § 1229b(d) were to be applied in deportation proceedings commenced "before, on, or after" the date of IIRIRA's enactment. "By using the phrase 'before, on, or after,' Congress expressly delineated" the reach of the stop-time rule. *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). Although the "before, on, or after" clause was enacted as part of IIRIRA's *transitional* rules and Flores is *not* a "transitional rule alien," we have applied the clause to petitioners whose cases were initiated after IIRIRA went into effect. *See Garcia–Ramirez,* 423 F.3d at 940 (reasoning that "it would be incongruous to hold that Congress intended to apply the 90/180–day rule to petitioners governed by" the transitional rules, but not those whose cases were initiated after IIRIRA went into effect). We have treated paragraphs (1) and (2) of § 1229b(d) together for the purposes of retroactivity, and do so again here. *See, e.g., id.; Mendiola–Sanchez v. Ashcroft,* 381 F.3d 937, 940–41 (9th Cir.2004); *Ram,* 243 F.3d at 516. Accordingly, because Congress clearly delineated the stop-time

provision's temporal scope, its application to Flores's 1993 conviction was not impermissibly retroactive.

We therefore **DISMISS** Flores's petition for review in part and **DENY** in part.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.